# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SHAINA WILKINS and<br>EMANUEL MAYS, as Surviving<br>Parents of Decedent E.W.<br>    Plaintiffs, | )<br>)<br>)<br>) | Cause No. |
| v. | )<br>) | |
| THE CITY OF ST. LOUIS<br>Serve at: St. Louis City Counselor<br>      1200 Market Street #314<br>      St. Louis, MO 63103 | )<br>)<br>)<br>)<br>) | JURY TRIAL DEMAND |
| and | ) | |
| JOHN DOE<br>Serve at: | )<br>) | |
|     Defendants. | ) | |

## **COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, as made applicable to the States through the Fourteenth Amendment, and the Eight Amendment, against the City of St. Louis and John Doe, police officer of St. Louis Metropolitan Police Department, in their individual and official capacity. Jurisdiction is based upon 28 U.S.C §§ 1331 and 1343.

2. This action also asserts a state law wrongful death claim against John Doe, in St. Louis City, State of Missouri. The Court can and should exercise supplemental jurisdiction over these claims, pursuant to 28 U.S.C § 1367, as they are so related to the other claims in the action already under the Court's original jurisdiction and form part of the same case or controversy under Article 3 of the United States Constitution.

3. It is alleged that the individual police officer, John Doe, engaged in an action which resulted in the unreasonable seizure of Plaintiffs' Decedent, a minor child being identified as E.W., thereby violating his rights under the Fourth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment, which grants Plaintiffs' Decedent freedom from unreasonable seizure. It is further alleged that this violation was committed as a result of the policies and customs of the St. Louis Metropolitan Police Department.

4. With regard to the remaining claims, it is alleged that John Doe intentionally caused the wrongful death of Plaintiffs' minor child, E.W., by responding with inappropriate force. Plaintiffs Shaina Wilkins and Emanuel Mays maintain this action for wrongful death pursuant to R.S.Mo. § 573.080(1).

**PARTIES**

5. Paragraphs 1 through 4 are incorporated herein by reference as though fully set forth.

6. At all relevant times pertinent to this lawsuit, Plaintiff Shaina Wilkins was the mother of the decedent, E.W.

7. Plaintiff Shaina Wilkins is a resident of St. Louis County, State of Missouri.

8. At all relevant times pertinent to this lawsuit, Plaintiff Emanuel Mays was the father of the decedent, E.W.

9. Plaintiff Emanuel Mays is a resident of St. Louis County, State of Missouri.

10. Defendant John Doe was at all times relevant to this lawsuit duly appointed and acting as an officer of the St. Louis Metropolitical Police Department, State of Missouri, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

11. Defendant John Doe's identify is not yet known.

## FACTS

12. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

13. On or about June 18, 2024, police began pursuit of a vehicle driven by E.W., after spotting the vehicle near the Baden neighborhood in the City of St. Louis, State of Missouri.

14. The pursuit ended near St. Louis Avenue and Whittier Street, where E.W. exited the vehicle and fled on foot.

15. Upon information and belief, after E.W. exited the vehicle, John Doe and another officer immediately gave chase on foot.

16. Upon information and belief, John Doe pursued E.W. on foot while John Doe had his department issued firearm drawn.

17. Upon information and belief, the other officer also pursued E.W. on foot, but did not draw his firearm and, instead, drew his department issued taser.

18. Upon information and belief, while E.W. was fleeing, John Doe fired four shots at the back of E.W.'s person.

19. Upon information and belief, E.W. suffered a single gunshot wound to the back of E.W.'s head, resulting in E.W.'s death.

20. E.W. was not armed with functional weapon, was actively fleeing on foot, and posed no threat of death or serious physical injury to either Defendant John Doe or the public; Defendant John Doe did not investigate or inquire as to whether E.W. had a gun; Defendant John Doe fired his weapon at E.W. without justification, intentionally and wrongfully causing the death of E.W.

21. Upon information and belief, E.W. had a disassembled firearm, which was comprised of multiple pieces and incapable of being discharged located in E.W.'s front right pocket at the time of E.W.'s death.

22. At all times herein mentioned, Defendant John Doe was acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant the City of St. Louis and the State of Missouri and under authority of his respective office a police officer.

## COUNT I
### (42 U.S.C. §1983 v. the City of St. Louis)

23. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

24. Defendant City was responsible for the training of all police officers in the proper use of firearms and performance of their duties as police officers. Defendant City trained Defendant John Doe in the use of firearms and in accordance with the statutes, ordinances, regulations, customs, and usages of the State of Missouri.

25. The conduct of Defendant City as described above deprived E.W. of E.W.'s right to be secure in his person against unreasonable searches and seizures as guaranteed to E.W. under the Fourth Amendment to the United States Constitution, of E.W.'s right not to be subjected to any cruel and unusual punishment as secured to E.W. under the Eighth Amendment to the United States Constitution, and E.W.'s right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to E.W. under the Fourteenth Amendment to the United States Constitution.

26. As a direct and proximate result of the unlawful conduct of Defendant City, E.W. was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant John Doe caused or contributed to cause lost wages and funeral expenses. As a result of E.W.'s death, Plaintiffs have been deprived of the decedent's valuable services, society,

companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, Plaintiffs request judgment for general, special, and punitive damages, in a sum that to this Court may deem just and reasonable in the premises, for costs of the suit and attorney's fees, and for such other relief as the Court may deem just and equitable.

### COUNT II
(42 U.S.C. § 1983 v. Defendant John Doe)

27. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28. The conduct of Defendant John Doe as described above deprived E.W. of E.W.'s right to be secure in his person against unreasonable searches and seizures as guaranteed to E.W. under the Fourth Amendment to the United States Constitution, of E.W.'s right not to be subjected to any cruel and unusual punishment as secured to E.W. under the Eighth Amendment to the United States Constitution, and E.W.'s right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to E.W. under the Fourteenth Amendment to the United States Constitution.

29. As a direct and proximate result of the unlawful conduct of Defendant Doe, E.W. was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant Doe caused or contributed to cause medical expenses, lost wages, and funeral expenses. As a result of E.W.'s death, Plaintiffs Wilkins and Mays have been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, Plaintiffs request judgment for general, special, and punitive damages, in a sum that this Court may deem just and reasonable in the premises for costs of the suit and attorney's fees, and for such other relief as the Court may deem just and equitable.

## COUNT III

(R.S.Mo. §537.080(1) Wrongful Death/Assault & Battery v. Defendant John Doe)

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. Plaintiffs Wilkins and Mays maintain this action for wrongful death pursuant to R.S.Mo §537.080(1).

32. Defendant Doe intentionally furnished his firearm without justification causing a reasonable apprehension of harm to E.W.

33. Defendant Doe fired his weapon at E.W. without justification, intentionally and wrongfully causing the death of E.W.

34. As a direct and proximate result of the unlawful conduct of Defendant Doe described above, E.W. was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant Doe caused or contributed to cause medical expenses, lost wages, and funeral expenses. As a result of E.W.'s death, Plaintiffs Wilkins and Mays have been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

35. That Plaintiffs Wilkins and Mays are entitled to recover for all damages, including pain and suffering experienced by decedent, for which decedent would be entitled to claim had death not ensued.

WHEREFORE, the Plaintiff prays for judgment under Count IV against Defendants jointly and severally for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future. The Plaintiffs further prays this honorable Corut to enter such other and further relief as the Court deems just and proper.

## COUNT IV

(Negligent Hiring v. Defendant City of St. Louis)

36. Paragraphs 1 – 35 are incorporated herein by reference as though fully set forth.

37. At all time material hereto, Defendant Doe was hired as an employee by Defendant City.

38. At the time of the occurrence, Defendant Doe was acting within the course and scope of his agency and/or employment by Defendant City.

39. Defendant City was negligent in its hiring of Defendant Doe in the following respects:

   a. Defendant City failed to properly and accurately perform psychological and mental health testing of Defendant Doe prior to employment;

   b. Defendant City failed to properly conduct a background check on Defendant Doe to verify he was fit for the position as a police officer.

   c. Defendant City failed to conduct a proper physical evaluation to determine whether Defendant Doe was fit for position as a police officer.

40. As a direct and proximate result of the negligent conduct of Defendant City described above, E.W. was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant Doe caused or contributed to cause medical expenses, lost wages, and funeral expenses. As a result of E.W. death,. Plaintiffs Wilkins and Mays have been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, the Plaintiffs prays for judgment under Count IV against Defendants jointly and severally for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of

conduct in the future. The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

## COUNT V

(Negligent Supervision v. Defendant City of St. Louis)

41. Paragraphs 1 through 40 are incorporated herein by reference as though fully set forth.

42. At all times material hereto, Defendant Doe was an employee of Defendant City.

43. At the time of the occurrence, Defendant Doe was acting within the course and scope of his agency and/or employment by Defendant City.

44. Defendant City was negligent in its supervision of Defendant Doe in the following respects:

   a. Defendant City failed to properly train Defendant Doe in the use of force and proper use of firearms;

   b. Defendant City failed to properly supervise and or limit Defendant Doe's use and access to department issued firearms and weapons.

   c. Defendant City failed to restrict access to its firearms by Defendant Doe.

   d. Defendant City improperly retained Defendant Doe after becoming aware of his mental and/or psychological state.

45. As a direct and proximate result of the negligent conduct of Defendant City described above, E.W. was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant Doe caused or contributed to cause medical expenses, lost wages, and funeral expenses. As a result of E.W.'s death, Plaintiffs Wilkins and Mays have been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, the Plaintiff prays for judgment under Count V against Defendants jointly and severally for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future. The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a jury trial on all issues.

>Respectfully submitted,
>KODNER WATKINS
>
>
>By: ___/s/Albert S. Watkins_____
>  ALBERT S. WATKINS, #MO34553
>  MICHAEL D. SCHWADE, #MO60862
>  ALEXANDRIA N. TOURVILLE, #MO74878
>  Attorneys for Plaintiffs
>  1200 S. Big Bend Blvd.
>  St. Louis, MO 63117
>  (314) 727-9111
>  (314) 727-9110 Facsimile
>  E-Mail: al@kwstllaw.com
>        mschwade@kwstllaw.com
>        atourville@kwstllaw.com