

ATTORNEY GENERAL OF MISSOURI

## CATHERINE L. HANAWAY

April 24, 2026

Honorable District Judge Joshua M. Divine
U.S. District Court
Eastern District of Missouri (St. Louis)

> **Re:** ***Wilkins et al v. Arteaga, et al**; 4:25-cv-00645-JMD;*
> **Discovery Dispute, Doc. No. 62**

Dear Judge Divine:

This discovery dispute relates to the deposition of Chief Robert J. Tracy. My understanding is that Plaintiffs issued a subpoena for the deposition of Chief Tracy on April 15, 2026, but the chief was not available at that time. I understood a new subpoena would be issued, to which Defendants intended to file a motion to quash in response. No new subpoena has been issued.

Chief Tracy has limited involvement in this case and little knowledge of the case itself. While he was present at the scene of this tragic case after the fact, he did not become involved in the investigation. The apex deposition rule is intended to protect high-ranking officials, like Chief Tracy, who lack unique or personal knowledge of the subject matters of the litigation.

Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure provides that:

**(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

**Springfield Office**
149 Park Central Square
Suite 1017
Springfield, MO 65806
Phone: (417) 895-6567
Fax: (417) 895-6382
www.ago.mo.gov

**(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
**(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
**(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26.

*Gladue v. Saint Francis Med. Ctr.* addressed this issue, holding:

Under the apex standard, "[t]o obtain a deposition from a high-level corporate official, parties must demonstrate (1) the executive has unique or special knowledge of the facts at issue, and (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Ingersoll v. Farmland Foods, Inc.,* No. 10–6046–CV–SJ–FJG, 2011 WL 1131129, at 7 (W.D.Mo. Mar. 28, 2011); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2,* 197 F.3d 922 (8th Cir.1999) (holding that a district court did not abuse its discretion in quashing a subpoena to depose a CEO where the deposition would have been irrelevant and harmful); *Bank of the Ozarks v. Capital Mortgage Corp.,* No. 4:12–MC–00021 KGB, 2012 WL 2930479, at 1 (E.D . Ark. July 18, 2012*) Gladue v. Saint Francis Med. Ctr.,* No. 1:13-CV-00186-CEJ, 2014 WL 7205153, at 1 (E.D. Mo. Dec. 17, 2014)

Chief Tracy has no unique or special knowledge of the facts at issue. *Id.* There exist other, less burdensome avenues for Plaintiffs to obtain the information they seek. *Id.* Plaintiffs have failed to show that the first prong of the apex standard has been met. Additionally, the second prong requires Plaintiffs to demonstrate they have exhausted other less burdensome avenues for obtaining the information they seek. *Id.* at 2. Plaintiffs have failed to demonstrate this as required.

Respectfully,

*/s/ Jessica L. Ward*_____
Jessica L. Ward
Assistant Attorney General

2